UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DARRELL BYERS,

               Petitioner,

v.                                Case No. 3:08-cv-958-J-34JRK

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

               Respondents.

_____

**ORDER**

**I. Status**

Petitioner Byers, who is proceeding pro se, initiated this action by filing a Petition for Writ of Habeas Corpus (Petition) (Doc. #1) under 28 U.S.C. § 2254 with exhibits (Pet. Ex.) on October 2, 2008, pursuant to the mailbox rule. Petitioner challenges a 2001 state court (Duval County, Florida) judgment of conviction for sale or delivery of cocaine, asserting that the trial court abused its discretion in admitting into evidence a photocopy of the twenty dollar bill used in the drug transaction where the original should have been admitted under the best evidence rule (ground one), and the trial court erred in denying Petitioner's request for a jury instruction on the defense of entrapment (ground two). Additionally, Byers claims that his counsel was ineffective because she: failed to advise him of the

State's favorable plea offer (ground three); failed to object to the chain of custody of the cocaine (ground four); misadvised him relating to his decision to waive his right to testify (ground five); and failed to object to the trial court's failure to swear the voir dire panel (ground six).

Respondents have submitted a memorandum in opposition to the Petition.  See Respondents' Answer in Response to Order to Show Cause (Response) (Doc. #15); Exhibits (Resp. Ex.) (Doc. #16).  On December 17, 2008, the Court entered an Order to Show Cause and Notice to Petitioner (Doc. #7), admonishing Petitioner regarding his obligations and giving Petitioner a time frame in which to submit a reply.  Petitioner submitted a brief in reply on July 17, 2009.  See Petitioner's Reply to State's Response (Reply) (Doc. #18).  This case is ripe for review.

## II. Procedural History

On May 30, 2001, the State of Florida charged Petitioner Byers with sale or delivery of cocaine (count one) and resisting an officer without violence (count two).  Resp. Ex. C at 8-9, Information.  After jury selection, Petitioner proceeded to a jury trial on count one.  Resp. Ex. E, Transcript of the Jury Trial Proceedings (Tr.).  At the conclusion of the trial, a jury found Petitioner guilty, as charged in the Information, of sale or delivery of cocaine.  Resp. Ex. C at 48, Verdict; Tr. at 271.  On September 20, 2001, the trial court sentenced Petitioner, as a

2

habitual felony offender, to a term of twenty years imprisonment. Resp. Ex. C at 68-73, Judgment.  The State nolle prossed count two. Id. at 130.  On December 17, 2001, Petitioner, through counsel, filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800, which the court denied on February 6, 2002.  Resp. Ex. F.

On appeal, Petitioner, through counsel, filed an Initial Brief, raising the following claims: (1) the trial court abused its discretion by admitting into evidence a photocopy of the twenty dollar bill used in the drug transaction where only the original should have been admitted under the best evidence rule; (2) the trial court erred in denying Petitioner's request for a jury instruction on the defense of entrapment; and (3) the trial court erred in sentencing Petitioner as a habitual offender because the offense of delivery of cocaine is an offense relating to possession of cocaine and therefore does not qualify for habitual offender sentencing.  Resp. Ex. G.  The State filed an Answer Brief.  Resp. Ex. H.  Thereafter, Petitioner filed a Reply Brief.  Resp. Ex. I. On October 25, 2002, the appellate court affirmed Petitioner's conviction and sentence per curiam without issuing a written opinion.  Byers v. State, 831 So.2d 178 (Fla. 1st DCA 2002); Resp. Ex. J.  The mandate issued on November 13, 2002.  Resp. Ex. K. Petitioner did not seek review in the United States Supreme Court.

On May 16, 2003, Petitioner filed a _pro se_ motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 (Rule 3.850 motion) and subsequently amended his motion on two occasions. Resp. Ex. AA at 1-20, 21-35, 77-87, 99-101. In his request for post conviction relief, Petitioner asserted that his counsel was ineffective because she: failed to advise him of the State's favorable plea offer (ground one); failed to object to the chain of custody of the cocaine (ground two); misadvised him regarding his right to testify (ground three); and failed to object to the court's failure to swear the voir dire panel (ground four). Additionally, as ground five, Byers claimed that the court illegally enhanced his sentence in violation of _Apprendi v. New Jersey_, 530 U.S. 466 (2000). After the State filed a response, _see_ Resp. Ex. AA at 90-93, the court held an evidentiary hearing. _See_ Resp. Exs. BB; CC, Transcripts of the Evidentiary Hearing. On February 6, 2007, the circuit court denied Petitioner's Rule 3.850 motion. Resp. Ex. AA at 155-60; Pet. Ex. C.

Petitioner appealed the denial and filed a brief. Resp. Ex. EE. The State filed an Answer Brief. Resp. Ex. FF. On March 24, 2008, the appellate court affirmed the denial per curiam. _Byers v. State_, 978 So.2d 161 (Fla. 1st DCA 2008); Resp. Ex. GG. The mandate issued on April 21, 2008, _see_ Resp. Ex. HH, and the court denied Petitioner's motion for rehearing on May 19, 2008, _see_ Resp. Ex. II; JJ.

4

### III. One-Year Limitations Period

The Petition is timely filed within the one-year period of limitations.  See 28 U.S.C. § 2244(d); Response at 12-13.

### IV. Evidentiary Hearing

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id.  The pertinent facts of this case are fully developed in the record before the Court.  Because this Court can "adequately assess [Petitioner's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004), an evidentiary hearing will not be conducted.

### V.  Standard of Review

The Court will analyze Petitioner's claims under 28 U.S.C. § 2254(d).  This standard is described as follows:

> As explained by the Supreme Court, the phrase "'clearly established Federal law' . . . refers to the holdings . . . of [the Supreme Court's] decisions as of the time

of the relevant state-court decision." Williams v. Taylor, 529 U.S. 362, 412, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). We have held that to be "contrary to" clearly established federal law, the state court must either (1) apply a rule "that contradicts the governing law set forth by Supreme Court case law," or (2) reach a different result from the Supreme Court "when faced with materially indistinguishable facts." Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2003).

As regards the "unreasonable application" prong of § 2254(d)(1), we have held as follows:

> A state court decision is an unreasonable application of clearly established law if the state court unreasonably extends or fails to extend a clearly established legal principle to a new context. An application of federal law cannot be considered unreasonable merely because it is, in our judgment, incorrect or erroneous; a state court decision must also be unreasonable. Questions of law and mixed questions of law and fact are reviewed de novo, as is the district court's conclusion regarding the reasonableness of the state court's application of federal law.

Jennings v. McDonough, 490 F.3d 1230, 1236 (11th Cir. 2007) (quotation marks and citations omitted). In sum, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Williams, 529 U.S. at 409, 120 S.Ct. at 1521. Finally, 28 U.S.C. § 2254(e)(1) commands that for a writ to issue because the state court made an "unreasonable determination of the facts," the petitioner must rebut "the presumption of correctness [of a state court's factual

findings] by clear and convincing evidence."[1]
28 U.S.C. § 2254(e)(1).

Ward v. Hall, 592 F.3d 1144, 1155-56 (11th Cir. 2010), cert.
denied, 131 S.Ct. 647 (2010).

Finally, for a state court's resolution of a claim to be an adjudication on the merits, so that the state court's determination will be entitled to deference for purposes of federal habeas corpus review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling. Harrington v. Richter, 131 S.Ct. 770, 785 (2011) (holding that section 2254(d) does not require a state court to give reasons before its decision can be deemed to have been adjudicated on the merits); Wright v. Sec'y for the Dep't of Corr., 278 F.3d 1245, 1255 (11th Cir. 2002), cert. denied, 538 U.S. 906 (2003). Thus, to the extent that Petitioner's claims were adjudicated on the merits in the state courts, they must be evaluated under § 2254(d).

## VI. Ineffective Assistance of Counsel

"The Sixth Amendment guarantees criminal defendants effective assistance of counsel. That right is denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense." Yarborough v.

---

[1] This presumption of correctness applies equally to factual determinations made by state trial and appellate courts." Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted) (citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).

<u>Gentry</u>, 540 U.S. 1, 5 (2003) (per curiam) (citing <u>Wiggins v. Smith</u>,

539 U.S. 510, 521 (2003), and <u>Strickland v. Washington</u>, 466 U.S.

668, 687 (1984)).

> To establish deficient performance, a
> person challenging a conviction must show that
> "counsel's representation fell below an
> objective standard of reasonableness."
> [<u>Strickland</u>,] 466 U.S. at 688, 104 S.Ct. 2052.
> A court considering a claim of ineffective
> assistance must apply a "strong presumption"
> that counsel's representation was within the
> "wide range" of reasonable professional
> assistance. <u>Id</u>., at 689, 104 S.Ct. 2052. The
> challenger's burden is to show "that counsel
> made errors so serious that counsel was not
> functioning as the 'counsel' guaranteed the
> defendant by the Sixth Amendment." <u>Id</u>., at
> 687, 104 S.Ct. 2052.
>
> With respect to prejudice, a challenger
> must demonstrate "a reasonable probability
> that, but for counsel's unprofessional errors,
> the result of the proceeding would have been
> different. A reasonable probability is a
> probability sufficient to undermine confidence
> in the outcome." <u>Id</u>., at 694, 104 S.Ct. 2052.
> It is not enough "to show that the errors had
> some conceivable effect on the outcome of the
> proceeding." <u>Id</u>., at 693, 104 S.Ct. 2052.
> Counsel's errors must be "so serious as to
> deprive the defendant of a fair trial, a trial
> whose result is reliable." <u>Id</u>., at 687, 104
> S.Ct. 2052.

<u>Harrington</u>, 131 S.Ct. at 787-88. Since both prongs of the two-part

<u>Strickland</u> test must be satisfied to show a Sixth Amendment

violation, "a court need not address the performance prong if the

petitioner cannot meet the prejudice prong, and vice-versa." <u>Ward</u>,

592 F.3d at 1163 (citation omitted). "Surmounting <u>Strickland</u>'s

high bar is never an easy task."  Harrington, 131 S.Ct. at 788

(quoting Padilla v. Kentucky, 130 S.Ct. 1473, 1485 (2010)).

A state court's adjudication of an ineffectiveness claim is

accorded great deference.  "The standards created by Strickland and

§ 2254(d) are both 'highly deferential,' [Strickland], at 689, 104

S.Ct. 2052; Lindh v. Murphy, 521 U.S. 320, 333, n.7, 117 S.Ct.

2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem,

review is 'doubly' so, Knowles[2], 556 U.S., at ----, 129 S.Ct. at

1420."  Harrington, 131 S.Ct. at 788.

> The question "is not whether a federal
> court believes the state court's
> determination" under the Strickland standard
> "was incorrect but whether that determination
> was unreasonable - a substantially higher
> threshold." Schriro, supra, at 473, 127 S.Ct.
> 1933. And, because the Strickland standard is
> a general standard, a state court has even
> more latitude to reasonably determine that a
> defendant has not satisfied that standard.
> See Yarborough v. Alvarado, 541 U.S. 652, 664,
> 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004)
> ("[E]valuating whether a rule application was
> unreasonable requires considering the rule's
> specificity. The more general the rule, the
> more leeway courts have in reaching outcomes
> in case-by-case determinations").

Knowles v. Mirzayance, 129 S.Ct. 1411, 1420 (2009); see also

Rutherford v. Crosby, 385 F.3d 1300, 1309 (11th Cir. 2004) ("In

addition to the deference to counsel's performance mandated by

Strickland, the AEDPA adds another layer of deference--this one to

---

[2] Knowles v. Mirzayance, 129 S.Ct. 1411 (2009).

9

a state court's decision--when we are considering whether to grant federal habeas relief from a state court's decision.").

## VII. Findings of Fact and Conclusions of Law

### A. Ground One

As ground one, Petitioner claims that the trial court abused its discretion in admitting into evidence a photocopy of the twenty dollar bill used in the drug transaction when the original should have been admitted under the best evidence rule.  Petitioner argued this issue on direct appeal, <u>see</u> Resp. Exs. G at 14-17; I at 2, the State filed an Answer Brief, <u>see</u> Resp. Ex. H at 4-13, and the appellate court affirmed Petitioner's conviction and sentence per curiam without a written opinion concerning this issue, <u>see</u> <u>Byers</u>, 831 So.2d 178.  To the extent that Petitioner is raising, in ground one, the same claim he presented on direct appeal, such a claim presents an issue of purely state law that is not cognizable on federal habeas review.  <u>See</u> Response at 13-14.

Even assuming Petitioner raised this as a federal constitutional claim on direct appeal, the State, in its appellate brief, addressed the claim on the merits.  Thus, the appellate court may have affirmed Petitioner's conviction based on the State's argument on the merits.  If the appellate court addressed the merits, Petitioner would not be entitled to relief because the state court's adjudication of this claim is entitled to deference

under AEDPA.[3]  After a thorough review of the record and the applicable law, the Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

Additionally, even assuming that the state court's adjudication of this claim is not entitled to deference, Petitioner's claim is without merit.  Given the record, the trial court did not abuse its discretion in admitting the photocopy of the twenty dollar bill because there was no issue relating to authenticity.  Not only was there a proper chain of custody, but there was ample proof that the photocopy of the marked money matched the currency recovered from Byers at the time of his arrest.  See Tr. at 173, 175-76, 182-84, 186-87, 188-89 (Detective Walter Moore's testimony); 224-25 (Detective Jackson's testimony); Response at 15-19.

### B. Ground Two

As ground two, Petitioner claims the trial court erred in denying Petitioner's request for a jury instruction on the defense of entrapment.  Petitioner argued this issue on direct appeal, see Resp. Exs. G at 18-25; I at 2-3, the State filed an Answer Brief,

---

[3] See Wright, 278 F.3d at 1255.

see Resp. Ex. H at 14-24, and the appellate court affirmed Petitioner's conviction and sentence per curiam without a written opinion concerning this issue, see Byers, 831 So.2d 178. To the extent that Petitioner is raising, in ground two, the same claim he presented on direct appeal, such a claim presents an issue of purely state law that is not cognizable on federal habeas review. See Response at 19-20.

Moreover, even assuming Petitioner raised this as a federal constitutional claim on direct appeal, the State, in its appellate brief, addressed the claim on the merits. Thus, the appellate court may have affirmed Petitioner's conviction based on the State's argument on the merits. If the appellate court addressed the merits, Petitioner would not be entitled to relief because the state court's adjudication of this claim is entitled to deference.[4] After a complete review of the record and the applicable law, the Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law and did not involve an unreasonable application of clearly established federal law. Nor was it based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

Additionally, even assuming that the state court's adjudication of this claim is not entitled to deference,

---

[4] See Wright, 278 F.3d at 1255.

Petitioner's claim is without merit.  Given the facts of the May 20, 2001 drug transaction, there is nothing to suggest that the undercover officers induced Byers into a drug sale he otherwise would not have participated in that day.[5]  In addition, there was available evidence to show that Byers was predisposed to commit the crime of sale or delivery of cocaine.  Two undercover police officers in an unmarked vehicle approached Byers, as he was riding his bicycle.  Tr. at 177.  One of the officers initiated a conversation with Byers by asking him if he had seen a man who had stolen the officers' money and had left them with his bicycle.  Id. at 177, 206.  Byers responded that he had not seen the man, but asked the officer, "what are you looking for?" or "what do you need?"  Id. at 178, 207.  The officer replied, "20," meaning $20.00 worth of crack cocaine.  Id.  Byers advised the officers to pull over and wait, and then Byers promptly rode away on his bicycle and returned within a few minutes with three pieces of cocaine which he sold to the officers for $20.00.  Id.

When defense counsel asked the court to instruct the jury on the defense of entrapment, see id. at 243-44, the State objected,

---

[5] Entrapment is defined as "employing methods of persuasion or inducement which create a substantial risk that such crime will be committed by a person other than one who is ready to commit it."  Fla. Stat. § 777.201(1).  "Inducement" includes "persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward, or pleas based on need, sympathy or friendship."  Farley v. State, 848 So.2d 393, 395 (Fla. 4th DCA 2003) (quotations omitted).

arguing that there was "no evidence of entrapment." <u>Id</u>. at 244.
Citing the <u>Munoz v. State</u>, 629 So.2d 90 (Fla. 1993), the trial
judge stated:

> Under Munoz M-U-N-O-Z opinion 629 S.2d 90
> there has to be some evidence of a lack of
> predisposition to commit the crime. And based
> on the evidence I've heard so far I just don't
> see any in the record.
>
> I realize as a theory of defense the
> Court should give the instruction if there's
> any evidence at all that could support it but
> in this case I don't find that there was
> sufficient law enforcement conduct that would
> indicate any type of decoy, tricks or
> subterfuge that would rise to the level that
> would require the giving of it. And so I'll
> deny your request to give 3.04(c)2,
> entrapment. . . .

Tr. at 245-46. "The fact that government agents 'merely afford
opportunities or facilities for the commission of the offense does
not' constitute entrapment." <u>Munoz</u>, 629 So.2d at 93 (citation
omitted). Thus, Byers has not demonstrated entrapment merely
because the officers afforded him the opportunity to sell them
cocaine by initiating the contact among them. Since there were no
facts to support Byers' request for the jury instruction on
entrapment, the trial court did not err in denying Byers' request
for the jury instruction.

## C. Ground Three

As ground three, Petitioner claims that his counsel was
ineffective because she failed to advise him of the State's
favorable plea offer. As acknowledged by the parties, Petitioner

raised this ground in his Rule 3.850 motion. This issue was addressed at the state court evidentiary hearing. Ultimately, the trial court denied the Rule 3.850 motion relating to this issue, stating:

> In Ground I, the defendant alleges that his counsel at trial was ineffective because she failed to advise him of the strength of the State's case against him, failed to advise him of his potential Habitual Felony Offender status, and failed to inform him of the State's plea offer. The record of trial conclusively refutes all of these allegations. The defendant was personally served with an Habitual Felony Offender Notice in June of 2001, twenty-three days after he was arrested. Michelle Kalil, Esquire, Assistant Public Defender, testified at the evidentiary hearing. She has been an Assistant Public Defender in Jacksonville for seven and one-half years. In addition to this case, she has defended between thirty-five and forty-five felony cases through jury trial. (T. of Evid. Hrg. Pg. 14.) Ms. Kalil testified that this case involved a "buy/bust" where marked money was used to purchase cocaine from Mr. Byers by two Jacksonville Sheriff's Office (JSO) officers (Detectives Houey and Moore). The marked money was found in Mr. Byers['] possession at the time of his arrest, and identification of the bills was made by JSO officers. The one issue that Ms. Kalil testified was available as a defense concerned the fact that the actual marked money was not placed in the property room and entered into evidence, but that photocopies of the money were placed in the property room and admitted at trial. She testified that she addressed that issue in a Motion In Limine before trial. The record indicates that that motion was denied.

> Ms. Kalil further testified that in terms of an actual defense, the only thing she remembered from Mr. Byers was his claim that

it wasn't fair.  "We didn't really have much
of a defense that he could convey to me that
he wished to present at trial." (T. of Evid.
Hrg. Pg. 8.) Ms. Kalil testified that the
defendant did not request that she raise any
kind of an entrapment defense.  She further
testified that if the defendant had brought
any sort of entrapment issue, she would have
made a note of it in her file.  She testified
that there were no notes in her file
concerning an entrapment issue or defense.
She further testified that neither her notes
nor her recollection contained any problems
that would have allowed her to object to the
admission of the cocaine based upon any
shortcomings in the custody of JSO o[r]
Florida Department of Law Enforcement
personnel, and that the chain of custody did
not create any issues. (T. of Evid. Hrg. Pgs.
9-10.)  She testified that the testimony of
the State's witnesses was sufficient to lay a
proper foundation. (T. of Evid. Hrg. Pg. 10.)
She testified that, per her notes and her
knowledge of the case, there was nothing that
would have allowed her to successfully raise
any tampering or chain of custody defense.
Further, she testified that, other than the
Motion in Limine she did file, there w[ere] no
other grounds to move for suppression of
either the copies of the marked money or the
cocaine itself.  (T. of Evid. Hrg. Pg. 10.)

Ms. Kalil further testified that she
discussed the strength of the State's case and
the lack of any defenses to it with the
defendant.  She also testified that Judge
Arnold had indicated a range of somewhere
between eight to twelve years if the defendant
pled guilty.  She testified that the defendant
was willing to plead guilty only if he was
guaranteed a sentence of no more than five
years.  (T. of Evid. Hrg. Pg. 7.)  She
testified that she concluded that the
defendant's chance of success at trial was
"slim." (T. of Evid. Hrg. Pg. 15.) She also
testified that she advised the defendant that
he should plead guilty rather than going to

16

> trial, in light of all of the circumstances.
> (T. of Evid. Hrg. Pg. 15.)
>
> Ms. Kalil further testified that she
> brought an even more experienced Assistant
> Public Defender, Debra Billard, Esquire, to
> meet with the defendant and discuss the
> strength of the State's case, and the
> defendant's options, _vis a vis_ pleading or
> going to trial. She testified that both she
> and Ms. Billard recommended to the defendant
> that he was better off pleading straight up to
> the judge than going to trial. She testified
> that there was no State offer in this case.
> (T. of Evid. Hrg. Pgs. 18-19.) She testified
> that she and Ms. Billard met with the
> defendant on August 27, 2001; the defendant
> rejected the advice of both Ms. Kalil and Ms.
> Billard at that time and rejected the Court
> offer and stated that he wanted to go to
> trial. This is reflected in Ms. Kalil's
> notes. It is also substantiated by the record
> herein. The defendant on the same date
> complained to the Court about Ms. Kalil,
> stating that she had told him that he had no
> defense to the charge and was essentially
> throwing away his life. (R. of Trial Pgs. 9-
> 11.) Ground One is conclusively refuted by
> the testimony at the evidentiary hearing and
> the record herein.

Pet. Ex. C at 1-4. Upon Petitioner's appeal, the appellate court

affirmed the denial per curiam.

Assuming the appellate court affirmed the denial on the

merits, there are qualifying state court decisions. Therefore,

this claim will be addressed applying the deferential standard for

federal court review of state court adjudications required by

AEDPA. After a thorough review of the record and the applicable

law, the Court concludes that the state courts' adjudications of

this claim were not contrary to clearly established federal law and

did not involve an unreasonable application of clearly established federal law.  Nor were they based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  Thus, Petitioner is not entitled to relief on the basis of this claim.

Moreover, assuming that the state courts' adjudications of this claim are not entitled to deference under AEDPA, Petitioner's claim is, nevertheless, without merit.  After the evidentiary hearing, the state court resolved the credibility issue in favor of believing counsel's testimony over that of Petitioner Byers, stating in pertinent part:

> In reaching the above findings, the Court is greatly influenced by the fact that Ms. Kalil is a member of the Florida Bar and an officer of this court.  She is an Assistant Public Defender of long service, with a sterling reputation.  She practices law under a set of rules of conduct which require her to be consistently honest to all tribunals.  She has no interest in the outcome of this case. In short, she has every incentive to tell the truth, and no incentive whatsoever to be untruthful.  The defendant, on the other hand, is a multiple convicted felon who is desperately trying to avoid the justice of the legal process.  He is extremely interested in avoiding the remainder of his twenty year sentence.  His credibility is nonexistent.

Pet. Ex. C at 5-6.  The Court notes that credibility determinations are questions of fact.  See Martin v. Kemp, 760 F.2d 1244, 1247 (1985) (per curiam) (finding that factual issues include basic, primary, or historical facts, such as external events and

credibility determinations). Petitioner has not rebutted the trial court's credibility finding by clear and convincing evidence. See Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). Given the trial court's credibility determination, Petitioner's claim is wholly unsupported, and therefore must fail.

Petitioner has failed to establish that counsel's performance was deficient. The record reflects that Ms. Kalil and Ms. Billard advised Byers that he should plead straight up to the judge (who had indicated "a range of somewhere between eight to twelve years" if Byers pled guilty), but that Byers' "had a slim chance of success at trial." Resp. Ex. BB at 7, 15. Nevertheless, Byers "went against [counsels'] professional advice" and decided to proceed to trial. Id. at 18-19. Thus, counsel's performance was within "the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. Therefore, Byers' ineffectiveness claim is without merit since he has not shown deficient performance on the part of counsel. This Court need not address prejudice, the second prong of the two-part Strickland test.[6]

### D. Ground Four

As ground four, Petitioner claims his counsel was ineffective because she failed to object to the chain of custody of the

---

[6] See Ward, 592 F.3d at 1163 (stating "because both parts of the test must be satisfied to show a Sixth Amendment violation, a court need not address the performance prong if the petitioner cannot meet the prejudice prong, and vice-versa").

cocaine.   Petitioner raised this ground in his Rule 3.850 motion, and the issue was addressed at the state court evidentiary hearing. Ultimately, the court denied the motion with respect to this claim, stating in pertinent part:

> In Ground II, the defendant complains that his counsel was ineffective for failing to object to defects in the chain of custody and alleged tampering regarding the cocaine. The record of trial provides ample evidence of authenticity and a valid and unbroken chain of custody through the testimony of Detectives Houey and Moore of the Jacksonville Sheriff's Office, and Mr. Glenn Abate of the Florida Department of Law Enforcement. The defendant's allegations about the difference in appearance was actually discussed during trial testimony. (TT. Pg. 211.)  The jury was, therefore, aware of the cocaine's change in appearance over time, and still found the defendant guilty beyond a reasonable doubt.  The record conclusively shows that defense counsel did object to the premature admission of the cocaine into evidence.  (TT. Pg. 212.)
>
> The allegation in the motion that the weight of the cocaine had changed is clearly refuted by the record herein.  The property card which was admitted into evidence, and a copy of which is attached to the motion, reflects the weight of the rocks of cocaine with the packaging.  Mr. Glenn Abate testified that his testimony referred to the weight of only the cocaine, without the packaging. Ground II is conclusively refuted by the record herein.

Pet. Ex. C at 4.  The appellate court affirmed the trial court's denial per curiam.

Assuming the appellate court affirmed the denial of Petitioner's post conviction motion as to this claim on the merits,

there are qualifying state court decisions.   Thus, this claim will be addressed applying the deferential standard for federal court review of state court adjudications.   Following a thorough review of the record and the applicable law, the Court concludes that the state courts' adjudications of this claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.   Thus, Petitioner is not entitled to relief on the basis of this ineffectiveness claim.

Additionally, even assuming that the state courts' adjudications of this claim are not entitled to deference under AEDPA, Petitioner's claim is without merit.   Petitioner has failed to establish that counsel's performance was deficient for failing to object to the chain of custody of the cocaine.   Counsel's performance was within the wide range of professionally competent assistance.   See Resp. Ex. BB at 9-10. Even assuming arguendo deficient performance by defense counsel, Petitioner has not shown prejudice.   Petitioner has not shown that a reasonable probability exists that the outcome of the case would have been different if she had objected.   Therefore, Petitioner's ineffectiveness claim is without merit since he has shown neither deficient performance nor resulting prejudice.

## E. Ground Five

As ground five, Petitioner claims that counsel was ineffective because she misadvised him relating to his decision to waive his right to testify.  Petitioner raised this ground in his Rule 3.850 motion.  Additionally, the issue was addressed at the state court evidentiary hearing.  Thereafter, the court denied the motion as to this claim, stating in pertinent part:

> In Ground III, the defendant complains that he received ineffective assistance of counsel because Ms. Kalil misadvised him regarding matters related to his decision to waive his right to testify.  The motion basically alleges that the defendant was told the jury would learn the nature of his prior arrests, convictions, and incarcerations, leading them to be prejudiced against him, and that he could not testify in order to preserve double closing argument.  Ms. Kalil was directly asked whether there was "any possibility that you gave him that advice," and she answered under oath "Absolutely not." (T. of Evid. Hrg. Pg. 11.)
>
> Ms. Kalil testified that she was aware of the defendant's prior felony convictions, and that her advice to him would be that if he chose to testify, the State could question him about the number of prior felony convictions or crimes involving dishonesty.  She testified that she also would have advised him that if he raised an entrapment defense, the State could potentially bring out the fact that one of his prior felony convictions was a prior conviction for Sale or Delivery of Cocaine, but that in the absence of that circumstance, they would not know the nature of his felony convictions, just the number.  (T. of Evid. Hrg. Pgs. 11-12.)  She also testified unequivocally on the issue of whether or not she told the defendant he could not testify because of closing argument issues.

> "Q   Mr. Byers also wrote in his
> motion that your [sic] advised him
> that 'In order to preserve double
> closing arguments he could not
> testify,' do you recall telling him
> anything of the sort?
>
> A    Absolutely not." (T. of Evid.
> Hrg. Pg. 12.)

> Ground III is conclusively refuted by the
> record herein.

Pet. Ex. C at 4-5.  Upon Petitioner's appeal, the appellate court affirmed the denial of his Rule 3.850 motion per curiam.

Assuming the appellate court affirmed the denial of the post conviction motion as to this claim on the merits, there are qualifying state court decisions.  Accordingly, this claim will be addressed applying the deferential standard for federal court review of state court adjudications.  Upon review of the record and the applicable law, the Court concludes that the state courts' adjudications of this claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  Thus, Petitioner is not entitled to relief on the basis of this claim.

Moreover, even assuming that the state courts' adjudications of this claim are not entitled to deference, Petitioner's claim is without merit.  Petitioner has failed to establish that counsel's advice was deficient performance.  Counsel's performance was within

23

the wide range of professionally competent assistance in that she properly advised him relating to his decision to waive his right to testify.  Resp. Ex. BB at 11-12.  Therefore, Byers' ineffectiveness claim is without merit since he has not shown deficient performance on the part of counsel.  This Court need not address the prejudice prong.[7]

## F. Ground Six

As ground six, Petitioner claims that counsel was ineffective because she failed to object to the trial court's failure to swear the voir dire panel.  As acknowledged by the parties, Petitioner raised this ground in his Rule 3.850 motion.  In denying the motion with respect to this claim, the court stated that the trial transcript "reveals that the jury panel was properly sworn before the voir dire began."  Pet. Ex. C at 5 (citing Tr. at 18) (emphasis deleted).  Upon Petitioner's appeal, the appellate court affirmed the denial per curiam.

Assuming the appellate court affirmed the denial on the merits, there are qualifying state court decisions.  Therefore, this claim will be addressed applying the deferential standard for federal court review of state court adjudications required by AEDPA.  After review of the record and the applicable law, the Court concludes that the state courts' adjudications of this claim were not contrary to clearly established federal law and did not

---

[7] See Ward, 592 F.3d at 1163.

involve an unreasonable application of clearly established federal law.  Nor were they based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  Thus, Petitioner is not entitled to relief on the basis of this claim.

Moreover, assuming that the state courts' adjudications of this claim are not entitled to deference under AEDPA, Petitioner's claim is, nevertheless, without merit.  The trial transcript reflects that the jury panel was properly sworn before the voir dire began. Tr. at 18-19.  Therefore, Petitioner's ineffectiveness claim is without merit since he has neither shown deficient performance nor resulting prejudice.

## VIII. Conclusion

Upon consideration of the foregoing, the undersigned finds that "[u]nder the doubly deferential judicial review that applies to a Strickland claim evaluated under the § 2254(d)(1) standard, see Yarborough v. Gentry, 540 U.S. 1, 5-6, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003) (per curiam)," Petitioner's ineffective assistance claims fail.  Knowles v. Mirzayance, 129 S.Ct. 1411, 1420 (2009).  The remainder of Petitioner's claims are without merit.  Accordingly, for the above-stated reasons, the Petition will be denied, and this case will be dismissed with prejudice.

## IX. Certificate of Appealability
## Pursuant to 28 U.S.C. § 2253(c)(1)

If Petitioner seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

26

Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.   The Petition (Doc. #1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2.   The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3.   If Petitioner appeals the denial of the Petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4.   The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of August, 2011.

MARCIA MORALES HOWARD
United States District Judge

sc 8/8
c:
Darrell Byers
Ass't Attorney General (Heller)